

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2005

# USA v. Mitchell

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Mitchell" (2005). *2005 Decisions.* Paper 1455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-3862

UNITED STATES OF AMERICA

v.

RICHARD MITCHELL,

Appellant

_____

On appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable Mary L. Cooper
District Court No. 01-cr-430

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 16, 2004

Before: ALITO and SMITH, *Circuit Judges*,
and DUBOIS, *District Judge**

(Filed:    March 11, 2005)
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

On January 16, 2003, Richard Mitchell pleaded guilty to conspiracy to distribute

_____

* The Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

heroin in violation of 21 U.S.C. § 846. At sentencing on September 9, the District Court determined that Mitchell was a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1, resulting in an enhancement of his offense level to 32 and his criminal history category to VI. The District Judge accorded a three level decrease for Mitchell's acceptance of responsibility, yielding a guideline range of 151 to 188 months of imprisonment. The Court denied Mitchell's request under U.S.S.G. § 4A1.3 for a downward departure on the basis that his criminal history overstated the seriousness of his prior criminal activities. Mitchell was sentenced to 151 months imprisonment, the low end of his guideline range, followed by a three year term of supervised release. After filing a timely notice of appeal, Mitchell's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mitchell filed an informal brief pursuant to Third Circuit Local Appellate Rule 109.2(a).

In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request, must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in

2

search of appealable issues," and it must "explain why the issues are frivolous." Thus, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any non-frivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any non-frivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that counsel thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. Given Mitchell's guilty plea, he is limited to a few select issues upon which he may base his challenge on appeal: the District Court's jurisdiction, the validity of the guilty plea, and the legality of the sentence. *See United States v. Broce*, 488 U.S. 563, 574-76 (1989); 18 U.S.C. § 3742(a). There is no basis for disputing the District Court's jurisdiction over this federal criminal offense. *See* 18 U.S.C. § 3231.[1]

Counsel asserted that there were no deficiencies with regard to Mitchell's guilty plea. To demonstrate that Mitchell's plea was voluntary and intelligent, counsel recited the history of the negotiations resulting in the plea agreement for this drug conspiracy offense. In addition, counsel appended the plea agreement and the transcript of the guilty

---

[1]We exercise appellate jurisdiction pursuant to 18 U.S.C. § 3742(a).

plea colloquy. Although Mitchell's informal pro se brief challenges the integrity of his guilty plea, our review of the appended plea agreement and colloquy verifies that Mitchell's plea complied with both the requirements of Federal Rule of Criminal Procedure 11 and *Boykin v. Alabama*, 395 U.S. 238 (1969).

Mitchell challenges his sentence on the basis of *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with *Booker*.

An appropriate order will follow.